UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ABEER MOTAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-516-CAS |
| C.I.A., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without prepayment of the filing fee. The Court finds that plaintiff is financially unable to pay any portion of the filing fee and will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, after carefully reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff has filed a thirty-one-page complaint for monetary damages against a myriad of defendants, including the C.I.A., "military governments," the Illuminati, the countries of Israel, Jordan, Lebanon, Egypt, Morocco, Pakistan, India, and Syria "and other countries," the Bikers Club, Commercial Drivers Licensing, Barak and Michelle Obama, the Secret Service, "homeless shelters," "witness protection programs," "states departments of revenue," "restaurants, hotels, motels, Missouri and Illinois public bus-shuttle and train service," "grocery stores and shopping malls," McDonalds Restaurants, Mother of Super Twins and Mothers of Multiples, the Social Security Administration, and many others. Having carefully reviewed

the complaint, the Court finds it impossible to ascertain the nature of plaintiff's allegations.[1]

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create

---

[1]The complaint is basically a compilation of disjointed thoughts and long, run-on sentences relative to a plethora of matters concerning alleged government and private-sector corruption, "exploitation, discrimination, scandals, scrutinies, distractions, distortions, torts, diverting, entrapment, retaliation – and so much more." For example, plaintiff states, "They intentionally thinned my haircut to ridicule me, humiliate me and defame/slander me"; "Some people retaliated against me for turning them in with guns as they too were involved with terrorism and were not lawful immigrants and were not citizens"; "they too are involved in fraudulent in vitro fertilizations, artificial inseminations, stealing my eggs for others"; "These corruptors have sent people to hit me, beat me up, pull my hair, put bugs in my hair and body . . . and poison my food"; and, "These people have taken money from my father and the government and then nailed my father by shooting him and murdering him."

facts or claims that have not been alleged. Plaintiff is required to set out not only her alleged claims in a simple, concise, and direct manner, but also the facts supporting her claims as to each named defendant. Because plaintiff has failed to do so, and the complaint is nonsensical, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action against any of the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of May, 2015.